In the Matter of the Election of DIRECTORS OF REMINGTON TYPEWRITER COMPANY, Appellant.

ROGER S. BALDWIN et al., Appellants; JAMES S. CARNEY, Respondent.

Corporations — inspectors of election — filling of vacancy — appointment of inspector of election by per capita vote of stockholders present, legal — stock vote unnecessary.

1. Under section 31 of the Stock Corporation Law (Cons. Laws, ch. 59) inspectors of election may be appointed in any manner provided in the by-laws. There is no requirement that stockholders shall vote for them at all or in any particular manner.

2. Where the by-laws of a corporation provided that if an inspector of election shall refuse to serve or shall not be present at any subsequent stockholders' meeting, "the meeting shall appoint an inspector in his place," an appointment of an inspector to fill a vacancy by a *per capita* vote of the stockholders present was legal and an election of directors which followed may not properly be vacated upon the ground that such appointment should have been made by a stock vote.

*Matter of Remington Typewriter Co.*, 203 App. Div. 65, reversed.

(Argued November 20, 1922; decided November 24, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 23, 1922, which reversed an order of Special Term denying a motion to vacate a corporate election of directors and granted said motion.

*James M. Gifford* and *Francis Woodbridge* for appellants. The phrase "the meeting may appoint" in section 31 of the Stock Corporation Law does not mean "the stockholders must elect." (*Matter of Cecil*, 36 How. Pr. 477.)

*Philip L. Miller, John Foster Dulles* and *De Lano Andrews* for respondent.

CRANE, J. The annual meeting of the Remington Typewriter Company was held at Ilion on April 19, 1922. As one of the two inspectors of election had died, the meeting proceeded to select his successor, which was done by a *per capita* vote of the stockholders present. A protest was made by the contesting faction which demanded that an inspector should be elected by the stockholders according to a share vote. After this appointment of the inspector, an election of directors was held which resulted in a majority vote for the management. The examination of proxies and counting of ballots lasted all day and through the night, from 11:30 one morning until 5:00 o'clock the next morning. Thereafter this proceeding was brought by the beaten faction to have the election of directors declared void by reason of the fact that the inspector to fill the vacancy had not been properly appointed and that the election be set aside and a new election ordered. The Special Term denied the application. On appeal, however, the Appellate Division reversed the order of the Special Term and ordered a new election. The ground for the reversal, as stated in the opinion, is that the vacancy of inspector of election should have been filled by a stock vote and not by a *per capita* vote of those present at the meeting. With this conclusion we do not agree. Considering the duties of the inspectors of election, the wording of the statute and the necessity for some practical method of procedure, the selection of the inspector in this case was

properly made. Section 31 of the Stock Corporation Law (Consol. Laws, chap. 59) reads as follows: " The inspectors of election of every stock corporation shall be appointed in the manner prescribed in the by-laws, but the inspectors of the first election of directors and of all previous meetings of the stockholders shall be appointed by the board of directors named in the certificate of incorporation. * * * if any inspector shall refuse to serve, or neglect to attend at the election, or his office become vacant, the meeting may appoint an inspector in his place unless the by-laws otherwise provide."

Inspectors can be appointed in any manner provided in the by-laws. There is no requirement that stockholders shall vote for them at all or in any particular manner.

The by-laws of the company provide as follows: " Two inspectors of election shall be chosen at each annual meeting of the company to serve for one year, and if any inspector shall refuse to serve or shall not be present at any subsequent stockholders' meeting, the meeting shall appoint an inspector in his place."

Both section 31 of the Stock Corporation Law and the by-laws provide that if an inspector neglect to attend at an election, the " meeting " may *appoint* an inspector in his place.

Section 23 of the General Corporation Law (Consol. Laws, chap. 23) provides that every stockholder shall be entitled at every meeting of the corporation to one vote for every share of stock standing in his name on the books of the corporation. This provision of course must be read in connection with section 31 of the Stock Corporation Law above quoted. In case an inspector of election fail to appear at the election, the " meeting " may appoint an inspector in his place. The non-appearance of an inspector may be very unexpected. The legislature evidently intended to provide or permit the place of an absent inspector to be filled by an immediate appointment

through a *per capita* vote of those present at the meeting, and entitled to participate therein. It is just as easy to determine who the stockholders are for a *per capita* vote as for a stock vote. Section 23 of the General Corporation Law provides that if the right to vote at any such meeting shall be challenged, the inspectors of election, or other persons presiding thereat, shall require the stock books, if they can be had, to be produced as evidence of the right of the person challenged to vote at such meeting, etc. The person or persons presiding at the meeting can determine the right of a person to vote *per capita* as well as of his right to vote shares of stock. No claim is made in this case that any person voted for the inspector who should not have voted or that any person present was prevented from voting. Section 32 of the General Corporation Law provides for a summary review by any person aggrieved by an election of a corporation or any matter or proceeding touching the same. Such proceeding was adopted in this case, the only thing complained of being the selection of the inspector.

We think for the reasons stated that the appointment of the inspector to fill the vacancy was legal and within the meaning of the provisions of section 31 of the Stock Corporation Law and that the directors receiving the majority vote were properly elected.

For these reasons, the order of the Appellate Division must be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HOGAN, McLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., CARDOZO and POUND, JJ., dissent.

Order reversed, etc.